F. B. Fogg, Special J.,
delivered the opinion of the Court.
This case has already been before this Court, and is reported in 2 Swan’s Rep. 174.
It was there decided that the proper construction of the 6th clause of the will of Mary H. Bowen was, that Levisa Saunders and the other legatees of the property mentioned in the will, took a life estate only, in the property, and that the codicil only designated what particular property each legatee should take under the restrictions and limitations of the will. The sixth clause is as follows:
“ I will that all my estate, both real and personal, that may come to the hands of my executors, for the use and benefit of my daughters, Levisa Saunders, Catherine Campbell and Celia Stone, remain in the hands of my executors in trust, for my said daughters during their natural lives, and then to the heirs of their bodies forever.”
The will contained devises of land in Tennessee, land in Kentucky, or the proceeds of it, legacies of negroes to her sons, daughters or grand children; the *390 latter being children of testatrix’s deceased son, John H. Bowen, and a residuary devise of all her estate, both real and personal, not before specially given, to be equally divided between her five children and the grand children, to wit: Levisa Saunders, C. Campbell, Celia Stone, Samuel A. Bowen, W. R. Bowen, and her three grand children, each one equal share, and her grand children collectively, one share. The said Levisa Saunders had five children; Tabitha M. Harris, married to Baker W. Harris, Mary H. Perdue, married to John W. Perdue, and William B., John H. and Samuel A. Saunders. Mrs. Harris and Mrs. Perdue, died in the lifetime of their mother, leaving their husbands surviving; Mrs. Harris leaving three children and Mrs. Perdue one.
Baker W. Harris administered upon the estate of his wife, and also, upon that of Mrs. Perdue, and Harris was also, appointed guardian of his children.
The only question to be decided in this case is, amongst whom the negro slaves, the descendants of Molly, given by the will of Mrs. Bowen to the trustees of Mrs. Saunders for her life, and then to the heirs of her body, are to be distributed. It follows as a necessary consequence, from the former decision in this Court, that the word heirs of the body, are to be construed as words of purchase, and not of limitation. This is conceded, but it is contended by the counsel for the three children of Mrs. Saunders, who survived her, that the proper meaning of the word is children, and that the devise and bequest should be construed, as if the word children were used in the will, and that as the children constitute a class, the three sons who sur *391 vived the mother, are the class, and entitled to the entire benefit of the bequest, according to the ease of Ivey, Adm’r, vs. Satterfield, 11 Humph. 58.
In order for this rule to apply, there must be a class of persons who are objects of the bequest. The fund in this, case, was composed of various kinds of property — lands in Tennessee, lands in Kentucky, or, if the . executors thought best to sell, proceeds of Kentucky lands, negroes and other personal property.
The 'words, heirs of the body, include children as a class, it is true, and also, included other classes as grand children, great grand children, &c. When used in application to real estate where property is given to the heirs at law of any person, the words are construed strictly; where it is given to the heirs, the rule is flexible, and may mean next of kin, or heir at law, according to the nature of the property given, whether real or personal.—2 Mylne & Keen, 69; 8 Conden. En. C. Rep., 263; Seay vs. Winston, et al., 7 Hum., 472.
The words, heirs of the body, are also flexible, and mean, if applied to personalty, that children next of kin should take, or to use the words of the Vice Chancellor in the case of Patterson vs. Johnson, 17 L. & Eq. Rep., 21, “I apprehend that there can be no doubt, where the word heirs, or heirs of the body are used, that the meaning is flexible. When applied to real estate, they must be construed according to their strict legal meaning, but when used as to personalty, the word heirs is held to mean next of kin, and the words ' heirs of the body,’ interpreted as the next of kin, issue of the body.”
The law favors the vesting of remainders, and. no *392 remainder will be construed to be contingent, which may, consistently with the intention, be deemed vested. 4 Kent’s Com.
The law of Tennessee, act 1784, ch. 22, also abolishes joint tenancy in all estates, real and personal, and favors equality of distribution.
It is our opinion that all persons who were in being at the death of Mary Bowen, and were embraced by the expression, heirs of the body of Mrs. Saunders, were objects of the gift in remainder, and took vested interests, which would pass to their representatives on their death — real estate to their heirs at law, and the remainder in the personal estate, to their personal representatives; and when children of Mrs. Saunders were born from time to time, the estates in remainder would open and vest severally in such children.
In the present case, the legal estate in remainder, vested severally in the five children of Mrs. Saunders. When Mrs. Harris died in the lifetime of her mother, her one-fifth, being a share of the real estate devised, descended to her three children — her share of the ne-groes and other personal estate, belongs to the administrator upon her estate, B. W. Harris, her husband, .who survived her. The share of Mrs. Perdue, one-fifth of the real estate, descended to her son, and only child, L. Y. Perdue; and the share of the negroes and other personal estate, will go to B. W. Harris, her administrator, to be distributed according to law.— William B., John H., and Samuel A. Saunders, are severally entitled to one-fifth.
This was the decree of the Chancellor, at July Term, 1853, which was changed upon a petition for *393 rehearing, and the decree of August, 1855, made in favor of the three sons who survived their mother.
We think the decree of July Term, 1853, was correct, and that the last decree should be reversed.