Waller v. Martin.

## WALLER v. MARTIN.

### (*Nashville.*    February 2, 1901.)

1. HUSBAND AND WIFE.    *Husband's interest in wife's lands.*

    The surviving husband has no interest or estate. as tenant by the curtesy or otherwise, in lands in which his deceased wife held only a life estate. (*Post, pp. 342, 343.*)

    Cases cited: Beecher *v.* Hicks, 7 Lea, 207, 214; Alexander *v.* Miller, 7 Heis., 81; Bigley *v.* Watson, 98 Tenn., 353; Stovall *v.* Austin, 16 Lea, 700, 706.

2. WILL.    *Devise gives life estate with remainder over to children.*

    A devise of lands to testator's daughter "to have and to hold during her natural life, and at her death to go to her legal heirs," does not give the daughter a fee simple title, but only a life estate, with remainder to her children or their descendants. "Legal heirs" in this devise is equivalent to "children and their descendants." (*Post, pp. 343–346.*)

    Cases cited: Alexander *v.* Wallace, 8 Lea, 572; Ingram *v.* Smith, 1 Head, 426; Gosling *v.* Caldwell, 1 Lea, 454; Boyd *v.* Robinson, 93 Tenn., 34.

3. SAME.    *Does not give absolute power of disposition.*

    Absolute power of disposition is not conferred upon a devisee to whom lands are given for her natural life, with remainder to her children, by a subsequent provision giving her power to sell the lands, if she should at any time desire to do so, but requiring her to reinvest the proceeds in other lands, taking deed for same to herself for life, with remainder to her children, and appointing a trustee to see that this part of his will is strictly complied with. (*Post, pp. 343–346.*)

Waller *v.* Martin.

Cases cited: Bradley *v.* Carnes, 94 Tenn., 27; Young *v.* Ins. Co., 101 Tenn., 311.

FROM   WILSON.

Appeal from Chancery Court of Wilson County. J. S. GRIBBLE, Ch.

McCLAIN & McCLAIN for Mrs. Omohundro's children.

CANTRELL & McMILLAN for Martin.

WILKES, J. The question in this case is to determine the rights of R. J. Omohundro to a homestead in certain real estate in controversy.

The contest· arises between the heirs at law of his wife, Mary E. Omohundro, and a creditor of the husband who had levied upon the interest of the husband in the land and sold it upon the theory that he had a life estate in it as tenant by the curtesy.

The present proceeding is by the heirs of Mrs. Omohundro to enjoin further proceedings to set apart such homestead, upon the theory that upon the death of Mrs. Omohundro the property descended to them, and that Mrs. Omohundro had but a life estate in the premises, and her sur-

viving husband could not have, therefore, any estate as tenant by the curtesy in them.

The Chancellor held that the husband had no estate by curtesy in the land, and the Court of Chancery Appeals affirmed this holding and enjoined the proceedings to set aside homestead, vacated the sale and declared and adjudged the children of Mrs. Omohundro to be the owners of the land in fee simple, and removed the clouds created by the condemnation and sale proceedings from the title. The creditor has appealed to this Court.

If Mrs. Omohundro had only a life estate in the land, with remainder to her children, her entire interest in the land would cease with her death, and there would be nothing in which the husband could have an estate by curtesy. *Beecher* v. *Hicks,* 7 Lea, 207, 214; *Alexander* v. *Miller,* 7 Heis., 81; 2 Kent's Commentaries, 134; *Bigley* v. *Watson,* 14 Pick., 353, 358; *Stovall* v. *Austin,* 16 Lea, 700, 706.

The title of Mrs. Omohundro was derived under the will of her father, which contained this clause: "I give and bequeath to my daughter, Mary E. Omohundro, my farm near the grade in the twenty-third civil district of Wilson County, Tennessee [describing it], to have and to hold during her natural life, and at her death to go to her legal heirs. Now I intend, and hereby will and direct, that all the lands I give to my

daughters shall be under her control and free from the debts of her husband, but should· any of them at any time desire · to sell their lands, they may do so provided they reinvest the proceeds in other lands, taking a deed to her and her legal heirs with the same provisions contained in this will, and I hereby appoint my son, Joshua C. Logue, trustee, to see that this part of my will is strictly complied with."

It is insisted · that such a power of disposition is given to Mrs. Omohundro by this will as must vest in her an absolute estate in the land. We think this position is not well taken, since the power of disposition is restricted to a sale for reinvestment on precisely the same terms under which the original property is held. It is not an unlimited power of disposition, and the case is not brought within the rule laid · down in *Bradley* v. *Carnes,* 10 Pick., 27.

A general discussion of the subject of limited and unlimited estates in the first taker is there had, and need not be here repeated.

The case of *Young* v. *Insurance Co.,* 17 Pick., 311, 314, was where there was a devise to a mother for life with power to sell for reinvestment, and it was held that the power did not convert the estate into a fee nor cut off the remainder interest.

So in the present case there is no power in the life tenant to defeat the remainder, for a

sale could only be made for reinvestment, and a trustee is appointed to see that this shall be done in a particular mode.

It is said, however, that the terms used in the will vest a fee simple estate in Mrs. Omohundro. In other words, that the phrase "to go to her legal heirs," means that the property shall descend to the persons who, under the law, will answer the discription of heirs, and if her "children" are the "heirs," they will take under the laws of descent, and not as purchasers under the will, and this being so, under our statute, the estate vesting in a party and her heirs would at once be converted into an estate in fee simple in the first taker. In this connection the rule is invoked that where a party would take by descent the same estate that a devise purports to give him, then the law presumes that he takes by descent and not by devise. 4 Kent, Sec. 506.

Unquestionably, in the absence of any statutory provision, if an ancestor devise to his heir just the estate in quality and quantity which he would take by descent, the latter will be considered as holding by descent and not by devise. 3 Washburn Real Property, side page 414, also side page 699.

But Mrs. Omohundro did not take under her father's will the quantity and quality of estate she would have taken by descent, but she took a life estate only. Under the statutes of de-

scent her children would have taken nothing from the grandfather, but under the will they take an estate in remainder.

In the connection in which it is used in this will the expression "legal heirs" is equivalent to children or their descendants. The term "legal heirs" is frequently held from its connection to mean children. See the question discussed in *Alexander* v. *Wallace,* 8 Lea, 572; *Ingram* v. *Smith,* 1 Head, 426; *Gosling* v. *Caldwell,* 1 Lea, 454; *Boyd* v. *Robinson,* 9 Pick., 34, and a large number of cases there cited.

We are of opinion, therefore, that Mrs. Omohundro took only an estate for life in the lands in controversy, and her children took the remainder interest as purchasers, and not by descent, and the surviving husband had no estate by curtesy in the lands.

The decree of the Court of Chancery Appeals is therefore affirmed.