LUNSFORD W. MAYNOR *et al. v.* JAMES W. VAUGHN *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed June 15, 1929.

Perkins Baxter, W. B. C. Pilcher and J. S. Pilcher, for complainant.

J. D. Richardson, for defendant.

Mr. Justice Swiggart delivered the opinion of the Court.

James W. Maynor died testate April 12, 1926, at the age of ninety-eight years, leaving surviving him his widow, five children by a previous marriage, and descendants of deceased children. Upon the death of the widow, Elizabeth Estes Maynor, on March 1, 1927, complainants constituting all of the heirs at law of James W. Maynor, filed this bill for a construction of the will, and to remove as a cloud upon their title a claim asserted by the defendant, James W. Vaughn, to certain real estate of which James W. Maynor died seized and possessed.

James W. Vaughn is the only child and heir-at-law of Mrs. Elizabeth Estes Vaughn, nee Elizabeth Estes, a daughter of the testator's widow, and stepdaughter of the testator.

The will of James W. Maynor, executed September 23, 1908, made certain specific bequests of the real estate owned by the testator at the time the will was executed, and bequeathed all personal property to the widow. There was no residuary clause affecting real estate.

284

The clause for construction is as follows:

"2d. I will that my wife Elizabeth have one hundred acres of my farm, which I now live on, lying on the north side of a dividing line, running east and west including the dwelling house in which I now live, and at the death of my wife Elizabeth I will that this hundred acres of land go to her daughter Martha Estes."

By the third item of the will a tract of one hundred acres of land was devised to Maggie Lee Estes, another stepdaughter.

There were no other devises of real estate, except provision made for one-sixteenth of an acre out of the home tract for a family burying ground.

The fifth item of the will provides:

"I will and desire that my children, Mary Miller, Lunsford, Walter, Frank, John, Kate and Boss have no share in my estate either real or personal."

Martha Estes, named in the second item of the will, predeceased the testator, her death occurring in May, 1913, thirteen years before the death of the testator; by reason of which fact complainants insist that the devise to her lapsed, so that the reversion was to the complainants as heirs at law of the testator upon the death of the life tenant, the widow, in 1927.

The defendant, as the only child of Martha Estes, predicates his claim to the inheritance upon the provisions of the Code of 1858, section 2426 (Shannon's Code (all editions), section 4171), which provides:

"Where any person to whom an estate, real or personal, is devised or bequeathed, dies before the testator, leaving issue that shall be living at the death of the testator, the devise or legacy shall not lapse, but shall take effect, as if the death of the devisee or legatee had

happened immediately after the death of the testator; and the real estate devised, in such case, shall be vested in the issue of such deceased devisee, in the same manner as it would have vested in the original devisee, unless a contrary intention shall appear in the will."

■ Complainants concede the force and effect of this statute, as contended by the defendant, except for the further contention of the complainants that the language of the will made the remainder estate in Martha Estes contingent upon her survival of the life tenant, by postponing the vesting of the remainder interest in her until the death of the life tenant, and that the statute has no application to a contingent devise.

We agree with the chancellor in his holding that the language of the will created a vested interest in remainder in Martha Estes upon the death of the testator, and that the devise to her was not contingent upon her survival of the life tenant. The concluding language of item 2 of the will is: "and at the death of my wife Elizabeth I will that this hundred acres of land go to her daughter Martha Estes." Without this language the clause would devise the one hundred acres to the widow in fee, the quoted clause containing the only words of limitation to be found in this item of the will.

The contention of the complainants is that the language of the will expresses the intention of the testator that the remainder estate should not vest in Martha Estes until the death of the life tenant, and, therefore, should not vest in her at all unless she should survive the life tenant.

The chancellor ruled that the phrase "at the death of my wife Elizabeth" does not express the intention of the testator to fix the time of the vesting of the remainder estate, but that it "only limits the estate that his wife

took." In this ruling the chancellor is sustained by all the cases and text-writers we have been able to find, without exception. 23 Ruling Case Law, pp. 526-528 ("Remainders," sections 68-69); 1 Jarman on Wills (6 Ed.), p. 773 (Star pages 756-757); *Bruce* v. *Bissell*, 119 Ind., 525, 22 N. E., 4, 12 Am. St. Rep., 436; *Bufford* v. *Holliman*, 10 Tex., 560, 60 Am. Dec., 223; *Neilson* v. *Brett*, 99 Va., 673, 40 S. E., 32; *McArthur* v. *Scott*, 113 U. S., 340, 5 Sup. Ct. Rep., 652, 28 L. Ed., 1015; *Middleton* v. *Middleton*, 19 Ky. L. Rep., 1232, 43 S. W., 677; *Pike* v. *Stephenson*, 99 Mass., 188; *Williams* v. *Williams*, 91 Ky., 554, 15 S. W., 361; *Powell* v. *McKinney*, 151 Ga., 803, 108 S. E., 231.

■ The rule of construction, quoted and followed in the cases cited, is stated by Jarman, *supra,* as follows: "It may be stated as a general rule, that where the testator creates a particular estate, and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting."

Applying this rule of construction, the Supreme Court of Texas, in *Bufford* v. *Holliman, supra,* said:

"The use of the expression 'to become the property of the remaindermen, after the death of Amelia,' did not, it is conceived, hold it in contingency until that death. If he had used the terms 'I give to my wife the property during her natural life, and after her death to my own children,' etc., the remainder would have been clearly vested. The expressions employed, viz., that the subjects of the bequest were after her death to become the prop-

erty of the persons in remainder, are equivalent and identical in meaning; and import no more of uncertainty and contingency than do the other terms."

*Forrest* v. *Porch,* 100 Tenn., 391, is not in conflict with the general rule stated by Jarman. There the devise was to the widow of the testator for life, with the direction that "at her death the said land is to be divided between my heirs at law." The remainder was held to be contingent, not because of the language postponing the division until the life tenant should die, but because the testator "obviously intended the land to be divided at the death of his widow among such persons as should then sustain to him the relation of heirs at law."

The testator intending that the remaindermen should be ascertained at the death of the life tenant, the identity of those persons at the death of the testator was held to be "dubious and uncertain" and, therefore, the remainder was held to be contingent. In the case at bar the devise in remainder was to a named person, and the presumption of the general rule is clearly applicable, unless a contrary intent is to be found in the will as a whole.

█ If the language of the will leaves it in doubt as to whether the testator intended to devise a vested or contingent remainder to Martha Estes; that is, whether he intended to make the vesting of the remainder in her contingent upon her survival of the life tenant, the doubt must be resolved in favor of the intention to devise a vested remainder, since the general law favors the vesting of estates at the earliest practicable moment. *Bigley* v. *Watson,* 98 Tenn., 353, 359.

█ If the remainder devised to Martha Estes be construed as contingent upon her survival of the life tenant, it would follow that the testator died intestate as to the remainder estate, since Martha Estes had predeceased

him. The presumption is against intestacy. Section 2164 of the Code of 1858 (Shannon's Code (all editions) section 3897) provides:

"Every devise shall convey the entire estate of the testator in the lands, unless the contrary intent plainly appear from the words and context of the will."

The intention of the testator "is not to be ascertained from any separate portion or expression in the will, considered apart from the rest of the instrument, but is to be arrived at from a consideration of the will as a whole." *Hoggatt* v. *Clopton,* 142 Tenn., 192.

Since item 6 of the will expressly states the intention of the testator that his heirs-at-law should not enjoy any part of his estate, it would do violence to the cardinal rule of construction above quoted to ascribe to the testator an intention to die intestate as to the remainder interest in question; and it is prescribed by statute that the devise shall be construed as conveying the entire estate of the testator "unless the contrary intent plainly appear from the words and context of the will."

At the time the will was prepared the testator necessarily contemplated the possibility that Martha Estes would not survive her mother, the life tenant, yet he made no provision for the disposition of the remainder interest in that event. This possibility having become a certainty long before his death, his failure to make any change in item 2 of his will is an indication that the death of Martha Estes had wrought no change in his intention as to the disposition of the remainder interest.

The language of item 2 conveys to us no other meaning than if the testator had simply said that he gave the land described to his wife for life, with remainder to her daughter, Martha Estes. The will, therefore, devised to Martha Estes a vested estate in remainder, and she hav-

ing predeceased the testator, the estate devised vested in her issue, the defendant, James W. Vaughn, in the same manner as it would have vested in Martha Estes, if she had been living at the death of the testator.

After the chancellor had rendered his opinion construing the disputed clause of the will, but before decree had been entered thereon, the defendant was permitted to amend his answer, so as to file it as a cross-bill, with a prayer that writ of possession should issue to place him in possession of the property described in the original bill. The prayer of the cross-bill was granted by the chancellor and the decree entered awarded the defendant a writ of possession.

The original bill clearly disclosed that the complainants claimed the right of possession only by virtue of their construction of the will of James W. Maynor, and as his heirs at law. The answer of the defendant did not controvert any statement of fact contained in the original bill, and the cause was heard by the chancellor without proof having been taken by either party. Under these circumstances we can see no abuse of discretion on the part of the chancellor in permitting the amendment and in rendering his decree on the answer as a cross-bill. The assignment of error directed to this action of the chancellor is based only upon the proposition that the amendment was offered too late. No claim of prejudice is made.

We find no error in the decree of the chancellor, and it will be affirmed.