LUSTER J. JACKSON, Appellant,

*v.*

MRS. JEWELL JACKSON, Administratrix et al., Appellees.

409 S.W.2d 172.

(*Nashville,* December Term, 1965.)

Opinion filed November 14, 1966.

HENRY, HENRY & LEWIS, Pulaski, for appellant.

WADE, FORRESTER & STEWART, Pulaski, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

. Madden Jackson died testate in Giles County in 1947. He left as his devisees under his will his widow, Mrs. Cora McKinney Jackson; and two sons, Luster J. Jackson and Curtis Jackson.

He left surviving as his heirs and distributees at law, had he died intestate, the above named devisees and a

daughter, Thelma Jackson Townsend, to whom he had made advancements during his lifetime and for that reason was not named as a devisee in his will.

Cora McKinney Jackson executed her will in November 1960 and died testate in April 1965. Curtis Jackson died intestate May 3, 1965.

This suit originated in the Chancery Court of Giles County by a bill filed by Jewell Jackson, widow and Administratrix of the Estate of Curtis Jackson, Deceased; and their two minor children: Jackie Lynn Jackson and Pamela Joy Jackson, who sue by their mother as next friend; against Luster J. Jackson and Thelma Jackson Townsend, praying for an interpretation of the will of Madden Jackson.

Thelma Jackson Townsend answered and by her answer transferred any interest she might realize from the litigation to the children of Curtis Jackson, Deceased.

The pertinent provisions of the will, those which we deem must be dealt with under the assignment of error, are as follows:

## "PREAMBLE

"I, Madden Jackson, an adult resident citizen of Giles County, Tennessee, being of sound mind and disposing memory, do hereby make and publish this paper writing as my last will and testament, hereby revoking any other paper writings or wills heretofore made by me at any time. This is my last will, intended to operate on, and dispose of, all my real and personal property and I revoke all wills, codicils, and testamentary dispositions heretofore made by me:

\* \* \* \* \* \*

"Item VI. I give and devise to my beloved wife, Cora McKinney Jackson, 160 acres tract of land purchased by me, formerly belonging to my brother, J. M. Jackson, located and situated in the Third Civil District of Giles County, Tennessee, for and during her natural life and after her death I give this tract of land to my son, Curtis Jackson, free from any and all marital rights of any kind, character and description of his present wife or any future wife that he may have for and during his natural life. No timbers are to be cut, removed or sold from the premises, unless the value thereof or the proceeds thereof is placed back on said premises in the way of repairs or improvements.

*  *  *  *  *  *

"Item X. If my said son, Curtis Jackson should die before my death and, or, should die before the death of my wife, Cora McKinney Jackson, or should die after the death of the undersigned and his mother, the said Mrs. Cora McKinney Jackson, with or without children surviving, then the said tract of land hereinabove devised to my son, Curtis Jackson, and my wife, Cora McKinney Jackson, for and during their respective life or lives, is to vest absolutely in my wife, Cora McKinney Jackson, with full power and right in her to make disposition thereof by will as may seem right and proper to her."

We, also, think it proper to set forth Item II of the will of Cora McKinney Jackson, which is as follows:

"Item II. I hereby will, devise and bequeath, all of my right, title and interest, in and to the 160 acre tract of land, formerly belonging to J. M. Jackson, located and situated in the Third Civil District of Giles County,

Tennessee, to my son, Curtis Jackson, if he be living, and if he be dead, to his children then living. I acquired a life estate in and to this tract of land, by will of my husband and my son, Curtis Jackson, was willed the remainder interest. However, said will provided that in the event of the death of my son, Curtis Jackson, prior to my death, the land would revert back to me. It is my intent and desire that said 160 acre tract of land be his, if he be living and if he be dead, at my death, then I want his children to have this tract."

The Chancellor filed a memorandum opinion in which he found that Item X of the will of Madden Jackson vested an estate in remainder to the farm in his widow, Cora McKinney Jackson; and that the will of Cora McKinney Jackson effectively transmitted the remainder in the farm to Curtis Jackson.

Luster J. Jackson has perfected an appeal to this Court and has assigned as error the above interpretation of the will. It is his insistence the Chancellor should have held that Madden Jackson died intestate as to the fee in the farm devised under Items VI and X of the will, there being no residuary clause in the will.

Specifically, he insists the estate in remainder devised to Cora McKinney Jackson was contingent on the death of Curtis Jackson prior to her death; and that since she died prior to Curtis the remainder perished.

We agree with the Chancellor the will vested the remainder interest in the farm in her at the time of the death of the testator.

In construing the will, we do so under the well settled rule of construction that the intention of the testator shall control so long as that intention is not in

conflict with some positive rule of law or property. *Sands v. Fly,* 200 Tenn. 414, 292 S.W.2d 706, 57 A.L.R.2d 188 (1956).

"An interest is contingent and not vested whenever the persons who are to enjoy the remainder are to be ascertained at the time the preceding estate fails, and are not ascertained at the time the preceding estate and the remainder estate are created." *First National Bank of Springfield v. Pointer,* 174 Tenn. 472, 126 S.W.2d 335 (1939).

"A remainder is vested if, at every moment during its continuance, it becomes a present estate, whenever and however the preceding freehold estates determine. A remainder is contingent if, in order for it to become a present estate, the fulfilment of some condition precedent, other than the determination of the preceding freehold estates, is necessary." *Sands v. Fly,* supra, quoting Gray on the Rule Against Perpetuities, Fourth Edition, Section 9.

"No remainder will be construed as contingent which may, consistent with the testator's intention, be deemed vested." *Albright v. Albright,* 192 Tenn. 326, 241 S.W.2d 415 (1951).

It is clear from the preamble of the will the testator intended to dispose of all of his property by the will. The will contained no residuary clause.

It is, also, clear that he intended for his widow and son, Curtis, to have possession of the 160 acre farm during their lives. It seems clear, also, that he devised a vested estate in remainder in his widow by providing upon the death of Curtis, which was inevitable, and not a contingency other than the determination of his life

estate, she was to possess the estate in remainder. The vesting of the estate in remainder did not depend upon the contingency that she outlive her son, Curtis. The will plainly states that whether Curtis should die before or after the death of his mother, "then the said tract of land * * * is to vest absolutely in my wife * * *."

The will named Cora McKinney Jackson the devisee of the remainder and only postponed her enjoyment of its possession until after the death of Curtis and the termination of his life estate.

In other words, the person, Cora McKinney Jackson, who was to take the remainder, was ascertained at the time the life estate of Curtis Jackson and the remainder estate were created.

In the case of *Maynor v. Vaughn,* 159 Tenn. 281, 17 S.W.2d 910 (1929), this Court cited with approval the following rule of construction:

"It may be stated as a general rule, that where the testator creates a particular estate, and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting."

The decree of the Chancellor is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.