T. H. NICHOLSON, Trustee under the Will of V. L. Nicholson, Deceased and V. L. Nicholson Company,

v.

Brock McFall NICHOLSON and Brenda Nicholson Pritchard.

Supreme Court of Tennessee.

June 18, 1973.

Robert S. Young, McCampbell, Young, Bartlett & Woolf, Knoxville, for appellants.

R. Robert Kassem, Knoxville, for appellee T. H. Nicholson.

Wheeler A. Rosenbalm, Frantz, McConnell & Seymour, Knoxville, for appellee V. L. Nicholson Co.

## OPINION

McCANLESS, Justice.

This is a will construction case involving the testator's bequest of common stock to a class of remaindermen described in his will as his "heirs at law." The successor trustee filed this complaint seeking a construction of the will. The question to be determined is at what time the testator's "heirs" are to be determined. The Chancellor held in favor of the defendant V. L. Nicholson Company, and this appeal was filed on behalf of the defendants Brock McFall Nicholson and Brenda Nicholson Pritchard, children of testator's nephew, George Brock Nicholson.

The facts were stipulated prior to trial before the Chancellor. V. L. Nicholson was owner and majority stockholder in the V. L. Nicholson Company, a general contracting firm. Nicholson died in 1948, leaving a will which read in pertinent part:

"I will and bequeath to Frederick W. Wright, as Trustee, for and during the natural life of my wife, Minnie Lee Nicholson, all of the common stock of V. L. Nicholson Company which I own at the date of my death, and I direct said Trustee to pay all dividends which are declared on said common stock to my wife, Minnie Lee Nicholson, so long as she shall live.

"At the death of my wife, Minnie Lee Nicholson, I will and bequeath to Willie G. Weems, if she then be living, two hundred (200) shares of said common stock of V. L. Nicholson Company, and I will and bequeath to said Frederick W. Wright, absolutely, all of the remainder of said common stock.

"If the said Willie G. Weems should predecease my wife, then the two hundred (200) shares of said common stock herein bequeathed to her shall go to said Frederick W. Wright.

"If the said Frederick W. Wright should predecease my wife, then that portion of said common stock herein bequeathed to him shall go to my heirs at law, per stirpes and not per capita.

"If both said Willie G. Weems and Frederick W. Wright should predecease my wife, then I will and bequeath all of said common stock to my heirs at law per stirpes and not per capita, subject to the life estate of my said wife in said stock, as provided herein, and I direct that said stock be distributed to my heirs at law at the date of death of my said wife."

The testator was survived by the following heirs and next of kin: (1) Minnie Lee Nicholson, his widow; (2) T. H. Nicholson, his brother; (3) George Brock Nicholson, his nephew and son of a deceased brother; and (4) seven nieces and nephews, all children of a deceased sister. Frederick W. Wright was a vice-president of the V. L. Nicholson Company, and Willie G. Weems was the company's secretary.

In 1950 in order to sustain its operation, the company purchased all rights and interests in testator's common stock from Wright, Weems, and the above named heirs and next of kin. Since that time, V. L. Nicholson Company has been operated by T. H. Nicholson and his sons. Weems, Wright, and George Brock Nicholson, in that order, all died before the death of the testator's widow on August 7, 1971.

The controversy in this case arises in connection with the last clause of the will. The appellees, T. H. Nicholson and the V. L. Nicholson Company, contend that the heirs alive at the time of Wright's death took a vested interest which they in turn assigned in separate agreements to the company. The appellants, on the other

hand, contend that all interests in the stock during the widow's lifetime were contingent, and vested at the widow's death in those heirs alive at that time.

This case falls within the provisions of T.C.A. § 32–305:

"Where a bequest, devise, conveyance, transfer or gift is made to a class of persons subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and the time of payment, distribution, vestiture or enjoyment is fixed at a subsequent period or on the happening of a future event, and any member of such class shall die before the arrival of such period or the happening of such event, and shall have issue surviving when such period arrives or such event happens, such issue shall take the share of the property which the member so dying would take if living, unless a clear intention to the contrary is manifested by the will, deed or other instrument."

Prior to enactment of this statute, Tennessee courts supported the so-called "Tennessee Class Doctrine," which held that remainder gifts to a fluctuating class of persons remained contingent until the time set in the will for distribution or payment of the gift. That doctrine has been significantly modified by T.C.A. § 32–305. Tennessee case law since passage of the statute in 1929 has held that such a class takes a vested, transmissible interest in the remainder, unless the will unquestionably discloses testator's intention that the interest remain contingent until the date of distribution. Harris v. France, 33 Tenn.App. 333, 232 S.W.2d 64 [1950]; Karsch v. Atkins, 203 Tenn. 350, 313 S.W.2d 253 [1958]; Walker v. Applebury, 218 Tenn. 91, 400 S.W.2d 865 [1965]. In the recent Walker v. Applebury case, the Court noted that the interest would remain contingent only if: "(1) the will taken as a whole, in the light of all the circumstances, requires the remainder to remain contingent, and not vest during the life of the life tenant,

in order to carry out the clear intention of the Testatrix, or (2) there is language in the will expressly providing the remainder not vest during the life of the life tenant."

Appellants argued that the courts should strive to interpret the will in accordance with the intention of the testator. We agree. Jackson v. Jackson, 219 Tenn. 237, 409 S.W.2d 172 [1966]; Sands v. Fly, 200 Tenn. 414, 292 S.W.2d 706 [1956]; Burton v. Kinney, 191 Tenn. 1, 231 S.W.2d 356 [1950]. The appellants have thus looked to the language of the will and contend that the last clause, ". . . and I direct that said stock be distributed to my heirs at law at the date of death of my said wife" indicates a clear desire on testator's behalf to have the interest in his stock vest only in those persons who are his heirs at the time of his widow's death, and to remain contingent until that time. However, we agree with the Chancellor that this final clause merely sets the time for possession and enjoyment of the stock at the time of the widow's death, and that neither this isolated clause nor the will as a whole manifests a clear intention on testator's behalf to postpone the vesting of the interest until his wife's death. Maynor v. Vaughn, 159 Tenn. 281, 17 S.W.2d 910 [1929], cited with approval in Jackson v. Jackson, supra; Taylor v. Dickerson, 167 Tenn. 121, 67 S.W.2d 137 [1934].

Counsel for appellants note in their brief that Nicholson was an able businessman whose will was prepared by an able attorney. In this context we assume testator's will was drawn with T.C.A. § 32–305 in mind, and that if testator had desired a result contrary to that required by the statute, that desire would have been clearly and unmistakably expressed in his will. Giving the appellants the benefit of the doubt, the language in the will at least implies two different results with equal force, and in such cases of doubt, Tennessee courts have always broken the deadlock in favor of vested interests. Maynor v. Vaughn, supra; Williams v. McFarland, 162 Tenn. 468, 37 S.W.2d 116 [1930]; Al-

**480**

bright v. Albright, 192 Tenn. 326, 241 S. W.2d 415 [1951].

The testator wanted to give his stock to a fluctuating class of heirs, the interest in the stock to vest in them at the death of the last remainderman, Wright, and actual possession to follow the death of the life tenant, testator's widow. He expressed no desire in his will contrary to this result.

We affirm the decree of the Chancellor.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Judge, concur.