**Zelma Mary PATTERSON et al.**

**v.**

**Joe Marshall ALEXANDER et al.**

Supreme Court of Tennessee.

May 6, 1974.

John J. Ross, Jr., Savannah, for appellants.

W. Lee Lackey, Savannah, for appellees.

OPINION

McCANLESS, Justice.

This suit was brought in the Chancery Court of Hardin County to construe the will of Robert A. Alexander, Jr. The suit was brought by twenty-two living descendants of the testator against the unborn heirs of the testator and Joe Marshall Alexander, one of his grandchildren.

The will was duly probated in Hardin County. The testator left a life estate to his wife, with the remainder to his six children. The issue in this case arises from the following provision of the will:

"Each of my children shall take an equal undivided interest in said Robert Alexander homeplace, but said children's right to sell their respective undivided interest shall be restricted by the condition that they must sell only to one or more of my heirs, and if they do not sell their one-sixth undivided interest to one of my heirs, then Fee Simple title in said interest shall go to their children or their heirs."

At the death of the testator's wife, the six children sold the property in question

to the defendant, Joe Marshall Alexander, a grandchild of the testator. The descendants then filed this complaint, praying that the court determine whether the plaintiffs could pass a good and merchantable title to Joe Marshall Alexander. An answer was filed by the guardian *ad litem*. The defendants argued that the word "heirs" in the above quoted passage referred only to the testator's "children". Thus, the children of the testator could sell only to each other, and not to a grandchild. The Chancellor held, however, that as used in this will, the word "heirs" referred to all the lineal descendants of the testator. The guardian *ad litem* prayed and was granted an appeal to this Court.

The construction of the will is controlled by the intention of the testator. The Court thus looks to the whole instrument and the particular language used by the testator for guidance in determining that intention. Burton v. Kinney, 191 Tenn. 1, 231 S.W.2d 356 [1950]; Jackson v. Jackson, 219 Tenn. 237, 409 S.W.2d 172 [1966].

Likewise, the intention of the testator often controls the meaning of certain terms used in the will which would otherwise have meanings established by law or precedent. The word "heir", when used in a will, "is flexible and should be so construed as to give effect to the intention of the testator as manifested by the will." Thompson on Wills, Section 265, page 415 [3d Ed. 1947].

In Tennessee, the legal meaning of the word "heirs" is the class of persons upon whom descent is cast by the statutes of descent. 1 Phillips Prichard on Wills, Section 435, page 382 [1955]. The word has been construed in some cases to refer only to "children", and not lineal descendants. In other cases, the Court has held specifically that "heirs" included grandchildren as well as children.

In Campbell v. Lewisburg & N. R. Co., 160 Tenn. 477, 26 S.W.2d 141 [1930], the Court first noted that "heirs of the body include grandchildren as well as children —lineal descendants." The Court also noted that the term it was construing, "heirs of the body", was synonymous with the terms "legal heirs" and "heirs". See also Scruggs v. Mayberry, 135 Tenn. 586, 188 S.W. 207 [1916]; Waller v. Martin, 106 Tenn. 341, 61 S.W. 73 [1901]; and Ward v. Saunders, 35 Tenn. 387 [1855].

The deciding factor in these cases, some of which hold "heirs" to mean "children" and others to mean "descendants", is the intention of the testator as expressed in the will as a whole. In looking at the entire will, we agree with the Chancellor that Robert Alexander, Jr., intended "heirs" to mean "lineal descendants."

Evidence of this intention is found in the testator's choice of words. In the provision in question, the testator first devised the property to his six *children*, then said that his "children's right to sell" was to be restricted. In setting forth the restriction, the testator said his children could sell only to the testator's *heirs*, an abrupt change of terms which we think signifies his intention to differentiate between two classes of persons. In our opinion, had the testator thought his devisees and potential purchasers to be identical classes of persons, he would have described them with identical terms in a single provision of the will. In Tennessee, the established rule is that the word "children" refers only to immediate offspring. 1 Phillips Prichard on Wills, Section 441, page 385 [1955]; Hoggatt v. Clopton, 142 Tenn. 184, 217 S.W. 657 [1919]. Since the testator chose a term other than "children" to delineate the class of prospective buyers of the homeplace, we assume he did so purposely and had in mind that definition of "heirs" which refers, not to "children" alone, but also to the lineal descendants. The will does not suggest any contrary construction.

For these reasons, the decree of the Chancery Court construing the term

"heirs" to refer to "descendants" under the facts in this case, and confirming the sale of land to testator's grandchild, is affirmed.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.