IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 4, 2003 Session

## RUTHERFORD COUNTY v. MARTHA JORDAN WILSON, ET AL.

**Appeal by Permission from the Court of Appeals
Circuit Court for Rutherford County
No. 42603     Don R. Ash, Judge**

_____

**No. M2000-01382-SC-R11-CV - Filed May 6, 2003**

_____

This appeal arises out of a condemnation proceeding brought by Rutherford County against the appellees. The appellant, claiming an interest through her deceased husband in the property to be condemned, filed a motion to intervene in the proceeding. The trial court denied the appellant's motion to intervene and dismissed her cross-claim for declaratory judgment, finding that she held no interest in the property under the provisions of the granting instrument. The Court of Appeals affirmed the judgment of the trial court, holding that the granting instrument conveyed a contingent remainder to each member of the class. As such, the conveyance to the appellant's husband lapsed when he predeceased the life tenant, leaving appellant without an interest in the property. We granted review, and we now hold that each class member held a vested, transmissible interest in the property prior to the death of the life tenant and that the appellant holds no interest in the property. We remand this cause to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed in Part and Affirmed in Part; Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Andrée Sophia Blumstein and William L. Harbison, Nashville, Tennessee, for the defendant-appellant, Cathey Baskin.

Larry K. Tolbert and Aaron S. Guin, Murfreesboro, Tennessee, for the defendants-appellees, Diane Wilson McCord, Jane Maurice Wilson, and Martha Jordan Wilson.

## OPINION

### Factual Background

In 1942, Will Jordan ("Jordan") conveyed real property ("the property") to his daughter, Martha Jordan Wilson ("Wilson"). The deed executed by Jordan granted Wilson a life estate in the property with the remainder interest to go to "the heirs of her body on her death, in accordance with the laws of descent and distribution; and should the said Martha Jordan Wilson have no children or representatives of children at her death, then the remainder interest shall go to my next of kin as provided by law." It is the construction of this language that is the subject of the appeal in this case.

Before her death in 2001, Wilson had three children: Jane Maurice Wilson ("Jane"), William James Wilson ("William"), and Kenneth Dwayne Wilson ("Kenneth"). Jane, who is still living, is not married and has no children. William and Kenneth both predeceased Wilson. William died intestate with no wife or children. Kenneth also died intestate but was survived by a wife, Cathey Baskin ("Baskin"), and a daughter, Diane Wilson McCord ("McCord").

In 1999, Rutherford County, the county in which the property is located, sought to condemn a portion of the property. In its Petition for Condemnation, Rutherford County named Wilson, Jane, and McCord as defendants. In anticipation of the condemnation, Wilson, Jane, and McCord executed a series of quitclaim deeds. Through these deeds, Wilson and McCord purported to convey their interests in the portion of the property subject to condemnation to Jane in exchange for Jane's interest in other portions of the property. In their answers to Rutherford County's petition, Wilson and McCord disclaimed any legal interest in the amount to be tendered by the county and averred that Jane was its exclusive owner. Baskin, who was not named as a defendant in the condemnation proceeding, filed a motion to intervene in the proceeding to assert her interest in the property.

The trial court ultimately denied Baskin's motion to intervene and dismissed her cross-claim for declaratory judgment, finding that she held no interest in the property. The Court of Appeals affirmed the judgment of the trial court. The intermediate court, however, held that each member of the class possessed a contingent remainder prior to Wilson's death and that Kenneth's interest in the property therefore lapsed when he predeceased Wilson. We granted review to determine whether the class members possessed vested or contingent remainders prior to Wilson's death and whether Baskin holds an interest in the property.

### Standard of Review

The facts of this case are undisputed. Therefore, this appeal involves only questions of law. See Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The standard of review for questions of law is de novo upon the record with no presumption of correctness. Id.

**Analysis**

I. Class Members' Remainder Interests

In construing deeds, courts are primarily concerned with ascertaining the intention of the grantor. See Hall v. Hall, 604 S.W.2d 851, 853 (Tenn. 1980); Collins v. Smithson, 585 S.W.2d 598, 603 (Tenn. 1979). Because the law favors the vesting of estates at the earliest practical moment, any doubt regarding the grantor's intent should be resolved in favor of an intention to create a vested remainder rather than a contingent remainder. See Williams v. McFarland, 37 S.W.2d 116, 119 (Tenn. 1931). This preference for vested remainders is so strong that "no remainder will be construed as contingent which may, consistently with the [grantor's] intention, be deemed vested." Albright v. Albright, 241 S.W.2d 415, 417 (Tenn. 1951).

The preference for early vesting applies with equal force to class gifts. See Nicholson v. Nicholson, 496 S.W.2d 477, 479 (Tenn. 1973); Walker v. Applebury, 400 S.W.2d 865, 868-69 (Tenn. 1965); Karsch v. Atkins, 313 S.W.2d 253, 255 (Tenn. 1958). A class gift is a gift to a group of persons who are not named, who have one or more characteristics in common, and whose number may vary. See Jennings v. Jennings, 54 S.W.2d 961, 963 (Tenn. 1932); see also Williams, 37 S.W.2d at 118. In 1927, the Tennessee General Assembly enacted the Tennessee Class Gift Statute, which provides:

> Where a . . . conveyance, transfer or gift is made to a class of persons subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and the time of payment, distribution, vestiture or enjoyment is fixed at a subsequent period or on the happening of a future event, and any member of such class shall die before the arrival of such period or the happening of such event, and shall have issue surviving when such period arrives or such event happens, such issue shall take the share of the property which the member so dying would take if living, unless a clear intention to the contrary is manifested by the . . . deed or other instrument.

Tenn. Code Ann. § 32-3-104 (1984). Prior to the enactment of this statute, Tennessee courts supported a rule of construction that was known as the "Tennessee Class Doctrine." See Satterfield v. Mayes, 30 Tenn. 58, 59 (1850); see also Nicholson, 496 S.W.2d at 479. This doctrine held that remainders to a fluctuating class of persons remained contingent until the time set in the instrument for distribution or payment. See Satterfield, 30 Tenn. at 59; see also Nicholson, 496 S.W.2d at 479. This Court has concluded that the enactment of the Tennessee Class Gift Statute abolished the Tennessee Class Doctrine. See Walker, 400 S.W.2d at 867. Therefore, the rule now is that even if the time of distribution or payment is set at a subsequent period or upon the happening of a future event, "the individual members of the class will take vested transmissible interest unless the [instrument], considered as a whole in the light of all the circumstances, manifests a clear intention to the contrary." Karsch, 313 S.W.2d at 255.

3

For the Tennessee Class Gift Statute to apply to a conveyance, the granting instrument must: 1) convey the property to a class; 2) set the time for distribution "at a subsequent period or on the happening of a future event"; and 3) not show a clear intention to preclude the issue of a deceased class member from taking the share of property that the deceased class member would have taken if living at the time for distribution. See Tenn. Code Ann. § 32-3-104 (1984). Fourth and finally, a member of the class must die before the time for distribution and must have issue living at the time for distribution.

As to the first requirement, the deed refers to two groups of people as potential remaindermen. The first clause of the deed conveys the remainder to the "heirs of [Wilson's] body." The deed's second clause defines the remaindermen as "[Wilson's] children or the representatives of [her] children." Both clauses identify a group of people who are not named, who have one or more characteristics in common, and whose number may vary. See Jennings, 54 S.W.2d at 963; see also Williams, 37 S.W.2d at 118. Both groups may also fluctuate in number due to future births and deaths. Regardless of the group to which the grantor intended to convey the remainder, the granting instrument conveys the property to a class.

The deed also satisfies the second requirement of the Tennessee Class Gift Statute. The instrument states that the remainder interest is to go to "the heirs of [Wilson's] body on her death." It is undisputed that this language sets the time for distribution as the time of Wilson's death, which is the happening of a future event.

The statute's third requirement is that the deed not manifest a clear intention to preclude a deceased class member's issue from taking the share of property that the deceased class member would have taken if living at the time for distribution. To make this determination, we are required to identify the class to which the conveyance was made as well as the type of remainder the grantor intended to convey to the class. The deed reads,

> The interest herein conveyed to the said Martha Jordan Wilson is a life estate, in and to the foregoing described property, with the right to take immediate possession thereof, *the remainder interest to go to the heirs of her body on her death*, in accordance with the laws of descent and distribution; and *should the said Martha Jordan Wilson have no children or representatives of children at her death*, then the remainder interest shall go to my next of kin as provided by law.

(Emphasis added).

The granting language in the present case does not provide a clear definition of the class. On one hand, the deed indicates that the class is composed of "the heirs of [Wilson's] body." Case law defines the term "heirs of the body" as the lineal descendants of a designated person who would succeed to the property of the designated person if that person died intestate owning the property. See Fehringer v. Fehringer, 439 S.W.2d 258, 261 (Tenn. 1969). As such, the legal definition of this

4

term requires that the heirs of a designated person's body survive that person. See id. Therefore, if the class is defined as "the heirs of [Wilson's] body," the individual members of the class cannot be determined until the time of Wilson's death, and the interest of any class member who predeceases Wilson would lapse. See id. at 261-62. Thus, the remainder would be contingent. The third requirement will not be met if Jordan intended to convey a contingent remainder. An intent to convey a contingent remainder would manifest a clear intention to preclude a deceased class member's issue from taking the share of the property that the deceased class member would have taken.

The deed, however, must be considered as a whole in light of all the circumstances. See Karsch, 313 S.W.2d at 255. The deed's second clause refers to the class as Wilson's "children or representatives of [her] children." This definition is broader than the legal definition of the term, and it does not require members of the class to survive the life tenant as the legal definition does. The share of the property of a child who predeceases Wilson would pass to that child's representatives. This result is contrary to an intent to convey a contingent remainder. As such, the deed's second clause would satisfy the third requirement of the statute.

Since our primary purpose in construing a deed is to ascertain the intention of the grantor, we shall look to the language and structure of the deed to determine to which class of people Jordan intended to convey the remainder. The language and structure of the deed show that Jordan intended the second clause to define the first clause. The granting language initially conveys the remainder to the "heirs of [Wilson's] body." However, in explaining what will happen to the remainder in the event that the conveyance to the class should fail, Jordan uses broader language to identify the class. Jordan's decision to add a new, broader phrase instead of merely reiterating "heirs of the body," or a synonymous term, evidences an intent to redefine the term. We conclude that Jordan did not intend to use the legal definition of the term "heirs of the body." Instead, he intended to convey the remainder interest to Wilson's children and to those who would take by representation in the event that any of Wilson's children should die. Accordingly, the deed does not show a clear intention to preclude the deceased class member's issue from taking the share of the property that the deceased class member would have taken if living because the deed does not clearly convey a contingent remainder to the class. The third requirement, therefore, is satisfied.

Finally, for the Tennessee Class Gift Statute to apply, a class member must die before the time for distribution and must have issue living at the time for distribution. We have concluded that Wilson's children and the representatives of her children are members of the class of remaindermen. Two of Wilson's children, William and Kenneth, predeceased her. Since the deed sets the time for distribution as the time of Wilson's death, William and Kenneth both died before the time for distribution. Furthermore, Kenneth was survived by his daughter, McCord, who is still living. Therefore, Kenneth had issue living at the time for distribution. Accordingly, all four of the requirements are satisfied, and the Tennessee Class Gift Statute applies to the conveyance. We hold, therefore, that each class member held a vested, transmissible interest in the property prior to Wilson's death. See Nicholson, 496 S.W.2d at 479; Walker, 400 S.W.2d at 869; Karsch, 313 S.W.2d at 255.

5

## II. Baskin's Interest

Having determined that the members of the class would take vested, transmissible remainders prior to Wilson's death, we must now determine the interest that Baskin holds. First of all, Baskin is not one of Wilson's children or a representative of one of Wilson's children. Thus, she is not a member of the class, and she would not take an interest under the language of the deed.

In addition, we have concluded that the Tennessee Class Gift Statute applies to the conveyance at issue. Under that statute, if class members die before the time for distribution, their issue who are living at the time for distribution take the share that the deceased class members would have taken if they had been living. See Tenn. Code Ann. § 32-3-104 (1984). Since Kenneth predeceased Wilson, his share would pass to his issue. Baskin is not Kenneth's issue. Therefore, she does not take an interest under the Tennessee Class Gift Statute.

Finally, a basic rule of statutory construction provides that a general statute concerning a subject must defer to a more specific statute concerning the same subject. See Five Star Exp., Inc. v. Davis, 866 S.W.2d 944, 946 (Tenn. 1993). The laws of descent and distribution, therefore, are superseded by the Tennessee Class Gift Statute because it is a more specific statute concerning the distribution of a deceased class member's interest in the property. As such, the laws of descent and distribution do not apply and do not confer an interest in the property to Baskin. Accordingly, Baskin holds no interest in the property.

## Conclusion

Because the deed in question does not manifest a clear intention to convey a contingent remainder to the class, we hold that each of the members of the class takes a vested, transmissible remainder in the property prior to the death of Wilson. In addition, we hold that Baskin does not hold an interest in the property. Therefore, the Court of Appeals is reversed in part and affirmed in part, and the case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Cathey Baskin, and her surety, for which execution may issue if necessary.

JANICE M. HOLDER, JUSTICE