McKinney, J.,
delivered the opinion of the court.
The principal question in this cause involves the proper construction of the following clause in the last will and testament of Thomas Smith, deceased; “I lend to my daughter, *59 Betty Mayes, one negro girl named Letice, during her natural life; and, after her death, she' and her increase to be equally divided between her daughters.”
It appears that the testator died many years since in the State of North Carolina. At the date of said will, Mrs. Mayes was a feme covert, wife of Sherrod Mayes.
Mrs. Mayes died in 1846, having survived her husband. She had five daughters, the issue of the marriage with said Sherrod Mayes, three of whom only survived her; two of the number, namely, Patsey McCarty and Nancy Mayes, (who it seems were in being at the date of the will,) having died in her life time, and of whose estates the defendants to the cross-bill, Oliver and Satterfield, are the respective administrators.
THe increase of the slave in the foregoing bequest mentioned, has multiplied to a considerable number, and the question is, do the three daughters living at the death of their mother, in whom the life interest was vested, take said slaves jointly and equally with, or in exclusion of, the representatives of the two deceased daughters ?
The chancellor decreed that the interest in remainder vested equally in the five daughters, and that the interests of the two who died during the life of their mother, were transmissible to their personal representatives.
We think this decree is erroneous. The rule is well settled that, where a bequest is made to a class of persons, subject to fluctuation by increase or diminution of its number, in consequence of future births or deaths; and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event; the entire interest vests in such persons, only, as at that time, fall within the description of persons, constituting such class. As if property be .given simply to the children, or to the brothers or sisters of *60 A., equally to be divided between them, the entire subject of gift will vest in any one child, brother, or sister, or any larger number of these objects, surviving at the period for distribution, without regard to previous deaths. Members of the class antecedently dying are not actual objects of the gift. See Jarman on Wills, vol. 1, 295-6. 1 Roper on Legacies, 71, and authorities referred to.
See also, 7 Yerger, 606. In the latter case the principle is distinctly recognized, that where an aggregate fund is bequeathed to the testator’s children as a class, and one dies before the period when the division is to take place, the estate survives to and vests in the others. This rule, of course, does not apply where the bequest is to individuals nominatim as in the case of a gift to A. B. and G. children, or brothers, of D.; because this would not be a gift to them as a class.
We do not deem it necessary to enter into any discussion of the question whether the remainder in the present case be vested or contingent — a question that perhaps admits of but little discussion. Regarding it as a vested remainder, as we do, the question is, when, and in whom does the interest vest ? To which we answer, that it vests in the described class, as a class, and not individually in the persons composing such class, and the entire subject of the gift survives to, and vests in the persons constituting such class at the period when payment or distribution of the fund is to be made.
Upon the other questions in the cause we think it sufficient to state, that there is no error in the decree of the chancellor. The decree will be modified in conformity to the principles here announced.