ALBERT S. WILLIAMS, COM'R. OF FINANCE AND TAXATION, COMPLAINANT, APPELLANT, *v*. FLOYD G. McFARLAND *et al.*, DEFENDANT, APPELLEE.

(*Nashville*, December Term, 1930.)

Opinion filed April 4, 1931.

Wm. C. Cook, for complainant, appellant.

Gilliland & Gilliland, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The bill in this cause was filed by the Commissioner of Finance and Taxation of the State of Tennessee against the executors of the will of L. B. McFarland, who died a resident of Shelby County on March 28, 1926, to collect the inheritance tax due from said estate.

The question presented on this appeal is whether the State may now collect the tax due on the remainder estate, possession of which estate is postponed by the will until the death of testator's widow as life tenant, or whether the State must wait until the falling in of the life estate to collect said tax.

It is conceded for the executors that the tax on the remainder estate is due and payable as of the date of the probate of the will, if the title to the remainder estate is now vested; but it is contended for the executors that the remainder devised by the will is a contingent remainder, the language of the will making it impossible to now ascertain the persons in whom title will eventually become vested in possession and enjoyment, and that

the State must be postponed in the collection of the tax until the death of the life tenant, when the persons liable therefor can be definitely ascertained and identified.

■ The tax in question is levied by the Public Acts of 1919, chapter 46. Counsel for the executors correctly concede the present liability of the estate for the tax on the remainder, if title thereto is now vested. The tax is imposed upon every transfer of property, or any interest therein, by will or by the intestacy laws, and section 4 of the statute directs that the tax shall accrue when any person or corporation "becomes beneficially interested in possession or expectancy" in any property by any such transfer. This section makes provision for the apportionment of the tax when more than one estate is created in particular property. Section 7 provides that "all taxes imposed by this Act are due and payable at the time of the transfer;" and section 11 expressly directs that when a legacy is given in money to a person for a limited period, the executor shall retain the tax upon the whole amount. This section continues: "but if it be not in money, he (the executor) may apply to any court having jurisdiction to make an apportionment, as the case may require, of the sum to be paid into his hands by such legatee, and such further orders relative thereto as the case may require."

These several provisions of the statute clearly contemplate payment by the executor, out of the assets of the estate, of the entire inheritance tax imposed upon an estate of a decedent, notwithstanding possession and enjoyment of a legacy or devise may be postponed until the determination of a limited estate therein. In the view we take of the cause before us, it is not now necessary to determine whether the executor or administrator

is required to pay a tax imposed upon a remainder estate which is contingent.

The remainder estate in question was created by item 4 of the will of L. B. McFarland, in the following language:

"I give to my nephews and nieces, children of my brother, Felix, Maud Nicholson, Felix Stuart McFarland, Burchette Douglass McFarland, Floy K. McFarland and Martha N. McFarland (to whom I have heretofore given a farm of some seven hundred acres in Haywood County, a town residence in Brownsville, and also a home) the remainder interest after the death of my wife in the following lots: (two lots are here described). This remainder interest in these lots I give to my brother's children with the following conditions, to-wit: Upon the death of my wife and end of her life estate, the trustees I hereinafter appoint are to take charge of these two pieces of my property and rent same to best advantage, and for such length of time as they think advisable, collect rents, pay all taxes and charges, keep the property fully insured, replace buildings if destroyed by fire, and then pay the net income of this property to the children of my brother living at the death of my wife, and children of any deceased child, paying to those of age their share, and the shares of those not of age to their guardian. This trust is to continue until the youngest of these children shall come of age, and then cease; and these children to be placed in possession and have complete title in fee to the property given herein."

By a codicil to the will, the testator substituted for one of the two lots described in item 4 United States bonds in the sum of $50,000, with the direction that these bonds be delivered to the Bank of Commerce & Trust Company,

as trustee, the interest thereon to be payable to the life tenant during her life, and upon her death to the children of the testator's brother "as specified in clause 4 of my will."

The first sentence of item 4 of the will makes an absolute gift of the two lots to the five nephews and nieces of the testator, by name, and not by reference to them as a class. Subsequent provisions of item 4 reduced the absolute estate in remainder so given, by the creation of a trust, to continue until the youngest of the five named nephews and nieces shall become of age, with directions to the trustee, upon the death of the life tenant, to pay the income to such of the beneficiaries who may then be living, the share of any who may be then dead to be paid to his or her children.

█ This devise in remainder is not a devise to a class, within the application of the rules of construction evolved under the so-called "class doctrine." In the authoritative statement of that doctrine in *Satterfield* v. *Mays,* 30 Tenn. (11 Humph.), 58, quoted in *Sanders* v. *Bryom,* 112 Tenn., 472, 477, 79 S. W., 1028, the concluding sentence is: "This rule, of course, does not apply where the bequest is to individuals *nominatim,* as in the case of a gift to A., B., and C., children or brothers of D., because this would not be a gift to them as a class."

In *Tate* v. *Tate,* 126 Tenn., 169, 179, 148 S. W., 1042, this court said: "The class notion is disintegrated by any language in the will from which the court can see that the testator or testatrix had in mind any special individuals as the objects of the bounty intended, as distinguished from a composite class."

In *Petty* v. *Moore,* 37 Tenn. (5 Sneed), 126, the testator devised his estate in remainder to eleven children equal-

474

ly, placing the interest of seven of them, by name, in a trust, with three other sons named as trustees. The will contained a provision that the interest of any of the eleven children, dying without an heir of the body, should pass to the surviving children. Referring to this case in *Tate* v. *Tate, supra*, at page 186, this court said: "In this case the children were named, and, of course, the class doctrine did not apply; but the estate was vested at once upon the death of the testator, subject to be divested on the happening of the contingency last quoted."

In the cause before us the testator named the five children of his brother, to whom he devised the remainder estate, and the reference in the concluding part of item 4 to "the children of my brother" is to the five children whom he had already named. The authorities cited eliminate technical rules of the "class doctrine" from consideration in the construction of this devise.

In *Alston* v. *Davis,* 39 Tenn. (2 Head), 266, 268, a rule for the construction of a will was stated and applied: "The general principle is well established, that where, by the will, an absolute gift of the property is made, in the first instance, followed by a limitation over, on the death of the devisee or legatee, the absolute gift is not taken away by the gift over, unless the gift over may itself take effect." See also the reference to this case in the opinion this day filed in *Mrs. Mamie Pryor et al.* v. *Felix G. Richardson et al.,* 162 Tenn., 346.

This rule is stated, with other authorities cited, in *Anderson* v. *Lucas,* 140 Tenn., 336, 352, 204 S. W., 989, from which we quote: "In addition, we have a line of cases which hold in substance that where an estate is created in fee or for life, and on this estate another is conditioned

to arise, by way of executory devise, on the occurrence of a given event, and that event does not occur, so that the estate over cannot vest, then the first estate continues, and if a life estate, it is enlarged into a fee."

The devise here involved falls clearly within the application of this principle. A remainder estate in fee is first given to each of the five named nephews and nieces, upon which an estate is conditioned to arise, by way of executory devise, in the children of a nephew or niece who may predecease the life tenant. If the event occurs, the death of a nephew or niece before the life tenant, with children surviving, the gift over takes effect; if the event does not occur, the first estate in fee continues.

The estate devised to the nephews and nieces is therefore a determinable fee or conditional fee, in remainder. *Fogarty* v. *Stack,* 86 Tenn., 610, 8 S. W., 846; *Teague* v. *Sowder,* 121 Tenn., 132, 114 S. W., 484; *Pryor* v. *Richardson,* 162 Tenn., 346. The possibility that the gift over, by executory devise, may take effect does not prevent the vesting of the remainder estate in fee in the nephews and nieces named in the will. *Petty* v. *Moore, supra.*

The language of item 4 of Judge McFarland's will is clearly to be distinguished from that construed in *Bigley* v. *Watson,* 98 Tenn., 353, 38 L. R. A., 679, and in *Forrest* v. *Porch,* 100 Tenn., 391, 45 S. W., 676; both of which cases were cited and followed in *Rinks* v. *Gordon,* 160 Tenn., 345, 24 S. W. (2d), 896. In each of the cases cited the language used disclosed the intention of the testator or grantor that the remainder should not vest until the death of the life tenant, and should then vest in the persons described. This intent cannot be gathered from the language of the will before us.

■ The law favors the vesting of estates at the earliest practicable moment, and doubt should be resolved in favor of the intention of the testator to create a vested remainder instead of contingent remainder. *Bigley* v. *Watson, supra; Maynor* v. *Vaughn,* 159 Tenn., 281, 17 S. W. (2d), 910.

■ We conclude therefore that the estate in remainder devised and bequeathed to the five named nephews and nieces of the testator is a vested interest in remainder, and as such is liable for the tax imposed by chapter 46 of the Public Acts of 1919. The decree of the chancellor dismissing complainants' bill will be reversed, and the cause remanded for further proceedings consistent herewith. The costs of the appeal will be paid by the defendants, as executors.