IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 4, 2003 Session

## RUTHERFORD COUNTY v. MARTHA JORDAN WILSON, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Rutherford County**
**No. 42603     Don R. Ash, Judge**

_____

**No. M2000-01382-SC-R11-CV - Filed October 30, 2003**

_____

OPINION ON PETITION TO REHEAR

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

On May 16, 2003, the appellant, Cathey Baskin, filed a petition to rehear the opinion this Court issued on May 6, 2003. We granted the appellant's petition to consider her assertion that our opinion is in conflict with Walker v. Applebury, 400 S.W.2d 865 (Tenn. 1965).

Baskin asserts that Walker holds that a deceased class member's surviving spouse is entitled to an interest in the subject property under the laws of intestate succession. This proposition was not central to the holding of Walker but is an interpretation that can be gleaned by a careful reading of the opinion. Assuming that the appellant's interpretation of Walker is correct, however, we hold that this interpretation is inconsistent with the plain language of the Tennessee Class Gift Statute. We therefore overrule Walker to the extent it holds that a deceased class member's surviving spouse is entitled to an interest in the subject property under the laws of intestate succession.

In this case, we held that the Class Gift Statute applied to the conveyance at issue and that each of the class members held a vested, transmissible interest in the subject property prior to the life tenant's death. The Class Gift Statute provides that a deceased class member's surviving issue shall take the share of property that the class member would have taken if living at the time for distribution. See Tenn. Code Ann. § 32-3-104 (1984). Therefore, under this statute, only Kenneth Wilson's daughter would be entitled to take his share of the property on the date of distribution. If the laws of intestate succession were applied, however, both Kenneth Wilson's wife and daughter would share his vested interest in the property. Under the laws of intestate succession, a vested, transmissible interest in property is transmitted to an intestate's heirs. See Blackburn v. Blackburn, 73 S.W. 109, 111 (Tenn. 1903); Harris v. France, 232 S.W.2d 64, 73 (Tenn. Ct. App. 1950); see also

Tenn. Code Ann. § 31-1-101(9) (1984) (defining "property" under the laws of descent and distribution as "anything that may be the subject of ownership" including "real and personal property or any interest therein"). Accordingly, under the laws of intestate succession, when Kenneth Wilson predeceased his mother, his future interest in the property would pass to his heirs, which would include his surviving spouse. Under these circumstances, the laws of intestacy are in conflict with the Class Gift Statute.

A basic rule of statutory construction provides that "a general statute concerning a subject must defer to a more specific statute concerning the same subject." Five Star Exp., Inc. v. Davis, 866 S.W.2d 944, 946 (Tenn. 1993). This Court stated the basis for this rule in Koella v. State ex rel. Moffett:

> Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.

405 S.W.2d 184, 189 (Tenn. 1966) (quoting State v. Safley, 112 S.W.2d 831 (Tenn. 1938)). In our original opinion, we concluded that the more general laws of descent and distribution would defer to the more specific Class Gift Statute under the circumstances of this case. Both the laws of intestacy and the Class Gift Statute concern the distribution of a deceased person's interest in property. While the laws of intestate succession apply in any situation where a person dies intestate, the Class Gift Statute only applies when property is conveyed to a class and a member of the class dies before the time for distribution. In such a situation, the plain language of the Class Gift Statute provides that the deceased class member's issue take his or her share of the property thereby establishing rights in such issue. Because the Class Gift Statute is inconsistent with the laws of descent and distribution under the circumstances of this case, the Class Gift Statute is deemed an exception to the application of those laws.

We have given thorough consideration to the petition to rehear, and we are of the opinion that our original opinion is satisfactory as clarified herein. Accordingly, the petition is without merit.

The costs associated with this petition to rehear are waived.

_____
JANICE M. HOLDER, JUSTICE

2