IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2011 Session

IN RE:  SARAH E. L., ET AL.

Appeal from the Juvenile Court for Sevier County
No. 09-002186/09-002185      Jeffrey D. Rader, Judge

No. E2010-02156-COA-R3-JV - Filed February 25, 2011

The State of Tennessee, on behalf of Kenneth S. L. ("Father"), filed a petition for child support against Melissa G. M. ("Mother").  The hearing for child support was continued on three separate occasions.  With each continuance, the trial court instructed Mother to bring medical documentation verifying her inability to work.  At the fourth scheduled hearing, Mother failed to produce documentation from her medical providers.  The trial court proceeded to set monthly child support payments and imputed a gross income of minimum wage to Mother.  Mother appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Jennifer R. McKinnish, Sevierville, Tennessee, for the appellant, Melissa G. M.

Robert E. Cooper, Jr., Attorney General and Reporter, Joe Whalen, Solicitor General, and Marcie E. Greene, Assistant Attorney General, Nashville, Tennessee, for the appellee, Kenneth S. L.

**MEMORANDUM OPINION[1]**

[1]This opinion is issued pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee, which provides the following:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any

(continued...)

## I. BACKGROUND

Mother and Father have two minor children, Sarah E. L. and Dylan K. L. (collectively "the Children"). Father maintains primary parenting responsibilities for the Children. The State of Tennessee filed a petition for child support against Mother, requesting she pay child support and provide medical insurance for the Children.[2]

The initial hearing was scheduled on March 19, 2010. The trial court continued the hearing to allow time for Mother to obtain a letter from a doctor regarding her ability to work. The following scheduled hearing date was also continued and reset after Mother chose to have the elected juvenile judge, who was not sitting, to hear the matter. For the second time, Mother was ordered to bring a statement from her treating physician regarding her ability to work and documentation of the status of her disability claim to the next hearing. At the third scheduled hearing date, upon finding that Mother's medical records were necessary to adjudicate the issue of child support, the trial court ordered Mother's medical providers to produce her medical records and continued the hearing.

The hearing for child support finally occurred on September 15, 2010. In that hearing, the trial court found that Mother failed to present any proof of her inability to work and imputed to her the ability to earn minimum wage. The trial court ordered Mother to pay $356 per month for current child support and $44 per month to satisfy child support arrears, for a total monthly support obligation of $400. The child support worksheets used to calculate Mother's obligation were attached to the trial court's order.

Thereafter, Mother filed this appeal claiming that the trial court improperly imputed a minimum wage income to her.

## II. ISSUE

We restate the sole issue raised in this appeal:

Whether the trial court erred in setting child support by imputing a gross income to Mother.

---

[1](...continued)
reason in any unrelated case.

[2]Mother was a pro se litigant throughout the trial proceedings. She obtained legal counsel for this appeal.

# IV. DISCUSSION

On appeal, Mother argues that the trial court abused its discretion in imputing gross income to her and in finding that she is willfully or voluntarily unemployed. Mother asserts that the record is silent regarding the evidence the trial court considered in reaching its decision to impute income. She also notes that the trial court failed to address the criteria underlying its decision.

This court reviews the factual findings of a trial court sitting without a jury de novo affording a presumption of correctness. We will not overturn those factual findings unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Boarman v. Jaynes*, 109 S.W.3d 286, 289-90 (Tenn. 2003). If the trial court fails to make specific findings of fact, we then look to the record to "determine where the preponderance of the evidence lies." *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002). Our review of questions of law is de novo without a presumption of correctness. *Rutherford County v. Wilson*, 121 S.W.3d 591, 595 (Tenn. 2003).

In its order, the trial court imputed a gross income based on minimum wage to Mother and found that Mother failed to provide "proof she is unable to work, after ample opportunity to obtain such proof." The court also stated that "[h]er disability claim has been denied." Although Mother claims that the record does not substantiate the trial court's finding, as the appellant, it is her duty to prepare and file an adequate record for appeal. *See* Tenn. R. App. P. 24. Mother failed to file a transcript or statement of the evidence to permit review of the issue she raises on appeal.

An appellant's failure to file a transcript or statement of the evidence of the proceedings in the lower court frustrates this court's review of the trial court's factual findings. An appellant must prepare a record that "conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Without a proper record, the appellate courts must affirm the trial court's decision and assume that "there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). Thus, this court only reverses the trial court's decision if we find based on the "technical" record that there is an error of law. *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S., June 3, 2008).

From our review of the limited technical record before us, it does not appear that the

trial court committed an error of law in imputing income to Mother. Because Mother failed to file a transcript or statement of the evidence pursuant to Tenn. R. App. P. 24, this court assumes that there was sufficient evidence to support the trial court's decision. Accordingly, we affirm.

## V.  CONCLUSION

The trial court's decision is affirmed. Costs of this appeal are taxed to the appellant, Melissa G. M. This case is remanded, pursuant to applicable law, for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE