IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 15, 2010 Session

**HELEN M. LAND v. JACK CASTEEL**

Appeal from the Circuit Court for McMinn County
No. 28519, 28520     Lawrence Puckett, Judge

No. E2010-00593-COA-R3-CV - Filed March 8, 2011

The appellant appeals the trial court's issuance of orders of protection against him. The appellant's sister and brother-in-law filed petitions for ex parte orders of protection and alleged that on two separate occasions, the appellant fired shots toward their home. The appellant denies the allegations. After a hearing, the trial court found by a preponderance of the evidence that entry of the orders of protection was necessary. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Steven B. Ward, Madisonville, Tennessee, for the appellant, Jack Casteel.

Robert Louis Jolley, Jr., Knoxville, Tennessee, for the appellee, Helen M. Land.

**OPINION**

**I. BACKGROUND**

This appeal involves two orders of protection.[1]  Helen M. Land and her husband, Samuel Land, Jr. (collectively, "Petitioners") filed petitions for orders of protection against Jack Casteel, Mrs. Land's brother. Petitioners sought orders of protection after Casteel fired

---

[1]Mr. Casteel filed two separate appeals for each order of protection restraining him from having contact with Helen Land and Samuel Land, Jr.. Because the separate orders of protection arise from the same set of facts, this court, upon its own motion, consolidated these cases for appeal pursuant to Tenn. R. App. P. 16(b).

gunshots toward their property on two separate occasions.

On October 30, 2009, the ex parte orders of protection were issued against Casteel. Thereafter, Casteel's motion for continuance was granted and a hearing was held in December of 2009. At the hearing, Mrs. Land testified that in June of 2009, while sunbathing on the deck behind her home, she heard a gunshot. Mrs. Land testified that she saw Casteel with a gun in his hand, but she could not discern the type of gun. On a separate instance in June of 2009, Mr. Land testified that he heard a gunshot while standing at the entrance to the garage. After hearing the shot, Mr. Land saw Casteel standing near his barn, but he did not see a weapon. Mr. Land further stated that he was in fear of his life because Casteel had previously threatened to kill him. No photographs of the bullet holes were offered into evidence, and no other incidents occurred after June of 2009.

Mrs. Land also explained the reasons for the delay in pursuing a protective order at the hearing. Mrs. Land stated that she "had a lot going on" including suffering a stroke in June of 2009 and the passing of her son and a co-worker. She testified to being in fear for her life because of Casteel's actions. Casteel also testified at the hearing and denied all allegations. He testified that he lived in a camper in Monroe County during the entire month of June of 2009. Kathy Sulzer, Casteel's girlfriend, testified and corroborated that Casteel was away during June and that he had not fired any guns in her presence.

After hearing the evidence, the trial court determined by the preponderance of the evidence that Petitioners were entitled to orders of protection. Casteel then filed a motion for a new trial as to both orders of protection, which the trial court denied. This appeal ensued.

## II. ISSUES

We restate the issues raised by Casteel:

1. Whether the preponderance of the evidence supports the trial court's finding of "domestic abuse" as defined in Tenn. Code Ann. § 36-3-605(b).

2. Whether the preponderance of the evidence supports the trial court's issuance of orders of protection.

As an additional issue, Petitioners submit that they are entitled to an award of reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 36-3-617(a).

## III.  STANDARD OF REVIEW

This case was adjudicated without a jury.  Therefore, we review the decision de novo upon the record of the proceedings with a presumption of correctness as to the findings of fact of the trial court.  *See* Tenn.R. App. P. 13(d); *Boarman v. Jaynes*, 109 S.W.3d 286, 289-90 (Tenn. 2003).  This court imputes no presumption of correctness on the trial court's conclusions of law.  *Rutherford County v. Wilson*, 121 S.W.3d 591, 595 (Tenn. 2003); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).  The judgment of the trial court should be affirmed, absent errors of law, unless the preponderance of the evidence is against those findings.  *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  In cases where the trial court's factual findings depend on a determination of witness credibility, we will not reevaluate that assessment in the absence of clear and convincing evidence to the contrary.  *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *Newman v. Woodard*, 288 S.W.3d 862, 865 (Tenn. Ct. App. 2008).

## IV.  DISCUSSION

### A.

The primary issue before us is Casteel's challenge to the sufficiency of the evidence supporting the trial court's issuance of protective orders in favor of  Petitioners.  He denies that the two incidents occurred and argues that the proof preponderates against the trial court's findings.  A petitioner seeking an order of protection must establish domestic abuse by a preponderance of the evidence.  Tenn. Code Ann. § 36-3-605(b) (2010); *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *5 (Tenn. Ct. App. M.S., March 7, 2001).  Tenn. Code Ann. § 36-3-601(1) (2010) defines abuse as "inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, or malicious damage to the personal property of the abused party."  An individual commits "domestic abuse" under Tenn. Code Ann. § 36-3-601(4) when the victim is one of the following:

> (A) Adults or minors who are current or former spouses;
> (B) Adults or minors who live together or who have lived together;
> (C) Adults or minors who are dating or who have dated or who have or had a sexual relationship. As used herein, "dating" and "dated" do not include fraternization between two (2) individuals in a business or social context;
> (D) Adults or minors related by blood or adoption;
> (E) Adults or minors who are related or were formerly related by marriage; or
> (F) Adult or minor children of a person in a relationship that is described in subdivisions (5)(A)-(E);

Tenn. Code Ann. § 36-3-601(5) (2010).

The trial court found that Petitioners agreed the two incidents occurred where shots were fired and that Casteel was present at both incidents. Although Casteel denied firing shots, the trial court resolved issues of credibility in favor of Petitioners, finding that Casteel "engaged in threatening and assaultive behavior."

Under the applicable standard of review, we presume that the trial court's findings are correct. "For the evidence to preponderate against a trial court's findings of fact, it must support another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001) (citation omitted). This court also accords great weight to the trial court's findings that are based on a determination of the witnesses' credibility because it is the trial court who observed the witnesses and had an opportunity to assess their credibility. *In re Estate of Walton*, 950 S.W.2d 956, 959 (Tenn. 1997); *Fell v. Rambo*, 36 S.W.3d 837, 846 (Tenn. Ct. App. 2000). From reviewing the evidence contained in the record and giving proper deference to the trial court's assessment of the witnesses' credibility, we cannot conclude that the evidence preponderates against the trial court's issuance of protective orders in favor of Petitioners. Therefore, we affirm.

B.

Petitioners seek an award of reasonable attorney's fees and costs incurred in defending this appeal. Tenn. Code Ann. § 36-3-617(a) (2010) provides:

> (a) Notwithstanding any other law to the contrary, no victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

In the recent decision of *Brown v. Vaughn*, No. E2010-00373-COA-R3-CV, 2010 WL 3767123, at *8 (Tenn. Ct. App. E.S., Sept. 28, 2010), this court addressed awarding reasonable attorney's fees and costs when a petitioner defends an order of protection on appeal. In *Brown*, this court, after affirming the trial court's extension of an order of protection, held that Tenn. Code Ann. § 36-3-617(a) permitted an award of reasonable attorney's fees and costs. *Id.* In line with the holding in *Brown*, we find that Tenn. Code Ann. § 36-3-617(a) entitles Petitioners to an award of reasonable attorney's fees and costs

in defending this appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed.  This case is remanded to the trial court, pursuant to applicable law, for a hearing on the issue of Petitioners' reasonable attorney's fees and costs on appeal and for the enforcement of the trial court's order and collection of costs assessed in the trial court.  Costs on appeal are taxed against the appellant, Jack Casteel.

_____
JOHN W. McCLARTY, JUDGE