IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2023

## CRYSTAL N. HOWARD ELSER V. CURTIS M. ELSER

**Appeal from the Circuit Court for Rhea County**
**No. 2023-CV-80      Jace Cochran, Judge**

_____

### No. E2023-00628-COA-R3-CV

_____

A husband challenges the issuance of an order of protection prohibiting him from contacting his wife. Finding that the evidence supports the issuance of an order of protection and that the husband has waived any objection to improper venue, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Kyle Brooks Cokkinias, Dayton, Tennessee, for the appellant, Curtis M. Elser.

Crystal N. Howard Elser, Dayton, Tennessee, pro se.

## OPINION

FACTUAL AND PROCEDURAL HISTORY

In March 2023, Crystal N. Howard Elser ("Wife") and Curtis M. Elser ("Husband") were in the midst of a divorce. Wife filed a petition for an order of protection against Husband in a Rhea County circuit court on March 21, 2023, alleging that Husband had perpetrated multiple acts of physical and sexual abuse against her either at the parties' home in Graysville, Tennessee or "in a car." Finding that there was no immediate and present danger of abuse to wife, the trial court declined to issue a temporary order of protection but scheduled a hearing on Wife's petition for April 5, 2023.

Wife and Husband testified at the April 5, 2023 hearing. Wife testified, on one hand, that Husband abused her multiple times at the parties' home by yelling and screaming at her and by making unwanted sexual advances toward her. Husband, on the other hand, testified that he did not commit any of the abuse alleged by Wife.

After the hearing, the court granted the petition and entered an order of protection prohibiting Husband from having any contact with Wife. The court based its decision on its finding that Husband had abused or threatened to abuse and had sexually assaulted Wife. Husband timely appealed.

STANDARD OF REVIEW

Because this case was heard without a jury, we review the trial court's decision de novo upon the record of the proceedings with a presumption that the court's findings of fact are correct. *See* TENN. R. APP. P. 13(d); *Land v. Casteel*, No. E2010-00593-COA-R3-CV, 2011 WL 808784, at *2 (Tenn. Ct. App. Mar. 8, 2011). However, this presumption is not extended to the court's conclusions of law. *Land*, 2011 WL 808784, at *2 (citing *Rutherford Cnty. v. Wilson*, 121 S.W.3d 591, 595 (Tenn. 2003); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996)). We will affirm the judgment of the trial court unless there are errors of law or the evidence preponderates against the court's factual findings. *Id.* (citing *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001)).

ANALYSIS

I.      The court's finding of abuse was supported by a preponderance of the evidence.

Husband first argues that the court erred in finding that he committed abuse against Wife because this finding was not supported by a preponderance of the evidence. To support his argument, Husband points to his hearing testimony denying that he abused Wife.

Pursuant to Tenn. Code Ann. § 36-3-602(a), "any domestic abuse victim,[1] . . . or sexual assault victim who has been subjected to, threatened with, or placed in fear of, domestic abuse,[2] . . . [or] sexual assault,[3] . . . may seek relief under this part[.]" The petitioner must prove their allegations by a preponderance of the evidence for the court to then issue an order of protection. *See* Tenn. Code Ann. § 36-3-605(b); *Billingsley v.*

---

[1] "Domestic abuse victim" includes any person who falls within the following categories: "(A) Adults or minors who are current or former spouses; (B) Adults or minors who live together or who have lived together; (C) Adults or minors . . . who have or had a sexual relationship . . .; (E) Adults or minors who are related or were formerly related by marriage[.]" Tenn. Code Ann. § 36-3-601(5).

[2] Domestic abuse is defined as "committing abuse against a victim, as defined in subdivision (5)[.]" Tenn. Code Ann. § 36-3-601(4).

[3] A "[s]exual assault victim" is "any person, regardless of the relationship with the perpetrator, who has been subjected to, threatened with, or placed in fear of any form of rape, as defined in § 39-13-502, § 39-13-503, § 39-13-506 or § 39-13-522, or sexual battery, as defined in § 39-13-504, § 39-13-505, or § 39-13-527." Tenn. Code Ann. § 36-3-601(11).

*Gallman*, No. E2020-00794-COA-R3-CV, 2021 WL 1176132, at *2 (Tenn. Ct. App. Mar. 29, 2021). "Proving an allegation by a preponderance of the evidence requires a litigant to convince the trier-of-fact that the allegation is more likely true than not true." *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 825 n.19 (Tenn. Ct. App. 2005) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 634-35 (Tenn. Ct. App. 1984)).

At the hearing on Wife's petition for an order of protection, the evidence consisted solely of testimony from Wife and Husband. Husband points to his contrary testimony at the hearing in support of his position that the evidence preponderates against a finding of abuse. However, as in many cases involving abuse allegations, the trial court's determination was largely "dependent on credibility, including demeanor assessments." *Long v. Brown*, No. E2013-00802-COA-R3-CV, 2014 WL 295713, at *5 (Tenn. Ct. App. Jan. 28, 2014). We can infer from the court's ultimate decision to issue an order of protection that the court found Wife was more credible and gave more weight to her version of events. *See Richards v. Liberty Mut. Ins. Co.*, 70 S.W.3d 729, 733-34 (Tenn. 2002) (discussing that a trial court's findings on credibility and the weight of the evidence can be inferred from the trial court's decision in the case). Where the trial court has relied on witness credibility assessments to make its factual findings, we will not reevaluate those assessments unless there is clear and convincing evidence to the contrary. *Land*, 2011 WL 808784, at *2 (citing *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002)). "In order for evidence to be clear and convincing, it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Kelly v. Kelly*, 445 S.W.3d 685, 692-93 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)). The limited record before us contains no clear and convincing evidence contradicting the trial court's credibility assessment. We therefore conclude that the evidence does not preponderate against the trial court's finding that Husband abused Wife.

II.     Husband's challenge to venue has been waived.

Husband next challenges the issuance of the order of protection by claiming venue was improper. Because the statement of the evidence only contains Husband's testimony about where the parties live but does not contain an objection to venue, we find that he has waived this argument.

Venue relates "'to the appropriateness of the location of the action.'" *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010) (quoting *Meighan v. U.S. Sprint Commc'n. Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). Venue is a concept based on the convenience of the forum to the parties. *Meighan*, 924 S.W.2d at 639. It is the "personal privilege of a defendant to be sued in particular counties." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Objections to venue may be waived when a defendant "defends upon the merits without first interposing an objection to improper venue." *Id.*; *see also Ferrari-Bullock v. Randall*, No. M2011-01528-COA-R3-CV, 2012 WL 2499525, at *4 (Tenn. Ct. App. June 28, 2012).

Husband cites to Tenn. Code Ann. § 20-4-101, the statute concerning transitory actions, in support of his argument that venue was improper. However, this statute applies to "civil actions of a transitory nature, unless venue is otherwise expressly provided for." Tenn. Code Ann. § 20-4-101(a). Venue for orders of protection is expressly provided for in Tenn. Code Ann. § 36-3-602(c), making § 20-4-101 inapplicable. *See Ferrari-Bullock*, 2012 WL 2499525, at *4. Tennessee Code Annotated § 36-3-602(c) states that venue for a petition for an order of protection "shall be in the county where the respondent resides or the county in which the domestic abuse, . . . [or] sexual assault occurred."

Here, there is no transcript from which we could discern whether Husband objected to venue at the hearing on Wife's petition.[4] According to the statement of the evidence, Husband testified that the parties' residence was in Bledsoe County, not Rhea County, and that Wife is not a resident of Rhea County. In his brief, Husband notes this testimony, but there is nothing in the statement of the evidence to indicate that he made any objection. Moreover, the statement of the evidence does not memorialize any ruling by the trial court suggesting that the court treated Husband's testimony as an objection. On appeal, Husband bears the burden of ensuring that the record contains sufficient evidence to support his arguments. *See Levine v. March*, 266 S.W.3d 426, 439 (Tenn. Ct. App. 2007) ("Parties have the responsibility to see to it that the record contains the evidence necessary to support their arguments on appeal."). Furthermore, Husband defended the merits of the claim at the hearing. We, therefore, conclude that Husband waived any objection to venue.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Curtis M. Elser, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[4] While we are sensitive to the fact that Husband was unrepresented by counsel at the hearing, pro se litigants are not excused from complying with "the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We, therefore, hold Husband to the same standards of practice applicable to a litigant represented by counsel at the hearing, including the rules concerning properly preserving objections.